```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ROBERT WILLIAMS,                    )
     Plaintiff,                     )
                                    )
          V.                        ) CIVIL ACTON NO. 10-11049-DPW
                                    )
SUPERINTENDENT THOMAS DICKHAUT,     )
     Defendants.                    )
```

                         MEMORANDUM AND ORDER
                            August 9, 2010

WOODLOCK, D.J.

I.   INTRODUCTION

On June 30, 2010, plaintiff Robert Williams ("Williams"), a prisoner at the Souza Baranowski Correctional Center, filed a *pro se* Complaint under 42 U.S.C. § 1983 against Superintendent Dickhaut, Deputy Superintendent Anthony Mendonsa, Brian F. Bonse, Correctional Officer, and five unidentified John Does of the Tactical Team Correction officers.[1]  Williams alleges that the defendants placed another inmate in his cell, knowing that the inmate refused to be double-bunked and therefore was prone to violence.  He contends that he was assaulted by the inmate, and that the defendants are liable for failing to protect him from the assault.  He also contends that the tactical team defendants used chemical agents against him although he has one lung and did not provoke any altercation.  He claims he suffered serious emotional and physical injuries as a result and seeks monetary damages.

---

[1]Williams asserts that he will discover the names of the John Does through discovery and will seek to amend the Complaint accordingly.

Along with the Complaint, Williams filed a Motion for Appointment of Counsel (Docket No. 2).

On July 6, 2010, a Procedural Order (Docket No. 4) issued directing Williams to pay the filing fee or seek a waiver thereof. On July 19, 2010, Williams filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 5).

II. DISCUSSION

    A.   <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

Upon review of Williams's financial affidavit and his prison transaction account summary, I find that he has demonstrated sufficiently that he lacks funds to pay the $350.00 filing fee for this action. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 5) will be <u>ALLOWED</u>.

However, because Williams is a prisoner, he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b). In light of this, it is hereby Ordered that:

    1.   Plaintiff Williams is assessed an initial partial filing fee of <u>$4.45</u> pursuant to 28 U.S.C. § 1915(b)(1)(A);[2]

    2.   The remainder of the fee, <u>$345.55</u>, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

---

[2]This assessment is based on a manual calculation of Williams's monthly deposits as reflected in his prison account statement. This assessment is made without prejudice to Williams seeking reconsideration provided he submit an alternative calculation based on credible evidence in accordance with 28 U.S.C. § 1915(b).

B.    The Complaint is Subject to Screening

Because Williams is a prisoner, his Complaint is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. *See* 28 U.S.C. § 1915 (proceedings *in forma pauperis*);[3] 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).[4]

In reviewing this action, I liberally construes Williams's Complaint because he is proceeding *pro se*. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).

---

[3]Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. *Id.; Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

[4]Section 1915A authorizes courts to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

At this time, I will permit this action to proceed and will authorize summonses to issue, because Williams has alleged he suffered an actual injury as a result of defendants' actions.[5] Further, although Williams's claims against the supervisory defendants may be subject to dismissal to the extent they are based on the theory of *respondeat superior*,[6] I will permit this action to proceed and will entertain briefing on this issue if raised at a later time.

---

[5]*See Cote v. Murphy*, 152 Fed. Appx. 6, 2005 WL 2708221, at *1 (1st Cir. 2005)(unpublished decision holding that while double-bunking of sex offenders "is not a per se violation of due process," citing *Bell v. Wolfish*, 441 U.S. 520, 541-43 (1979, "in rare cases [it] might amount to an unlawful practice when combined with other adverse conditions"). *See also Rector v. Department of Corrections*, 2010 WL 2814321 (1st Cir. Jul. 20, 2010)(upholding decision in *Cote* and affirming district court's dismissal of civil committee's suit because he had not alleged that he had been harmed or was in danger of being harmed because of double-bunking).

[6]*Respondeat superior* is not a viable theory of liability under 42 U.S.C. § 1983.  "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006) (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)).  "[In civil rights actions],'supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" *Velez-Rivera*, 437 F.3d at 156 (quoting *Carmona v. Toledo*, 215 F.3d 124, 132 (1st Cir. 2000)).  *See Pinto v. Nettleship*, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights).  *See also Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008) (discussing test for liability of supervisory officials).

C.   The Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).[7]  However, a civil plaintiff lacks a constitutional right to free counsel.  *Desrosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *Id.*  To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  *Id.* at 24.

I credit that Williams is unable to afford his own counsel, and that he may have difficulties prosecuting his claims as a *pro se* prisoner, particularly while housed in the segregation unit.  Nevertheless, at this juncture, absent the benefit of a responsive pleading by the defendants, I cannot find that

---

[7]In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. *cf.* 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and for payment under the Criminal Justice Act).

exceptional circumstances exist warranting appointment of *pro bono* counsel in this case.

Accordingly, Williams's Motion for Appointment of Counsel (Docket No. 2) will be <u>DENIED</u> without prejudice to renew after the defendants have filed a response to the Complaint, and upon good cause shown.

III. CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 5) is <u>ALLOWED</u> and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. Plaintiff's Motion for Appointment of Counsel (Docket No. 2) is <u>DENIED</u>;

3. The Clerk shall issue summonses as to: (1) Superintendent Dickhaut; (2) Deputy Superintendent Anthony Mendonsa; and (3) Brian F. Bonse, Correctional Officer.  No summonses shall issue with respect to the five unidentified John Does; if and when plaintiff discovers their identity, he shall file an Amended Complaint and request summonses to issue at that time; and

4. The Clerk shall send the summonses, Complaint, and this Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m).  The plaintiff may elect to have service made by the United States Marshal.  If directed by the plaintiff to do so, the United States Marshal shall serve the summonses, Complaint, and this Order upon each defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.                          /s/ Douglas P. Woodlock
                                     UNITED STATES DISTRICT JUDGE